# KARA,
## *Respondent,*
### *v.*
# ANDERSON,
## *Appellant.*

## (A7906-02821, CA 15718)

### 613 P2d 1113

Peter H. Glade, Portland, argued the cause for appellant. With him on the brief were Kevin O'Connell and O'Connell, Goyak, Hagen, Elliott & Krage, Portland.

Donald J. Morgan, Portland, argued the cause for respondent. With him on the brief was Wood, Tatum, Mosser, Brooke & Holden, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Plaintiff brought suit for return of a down payment paid toward the purchase of defendant's restaurant business, which purchase was never realized. After defendant filed his answer, plaintiff moved for summary judgment. The trial court found no genuine issue of material fact and concluded plaintiff was entitled to judgment for the return of his down payment. Defendant appeals, contending that the parties' affidavits raised an issue of material fact and that the case should have been allowed to proceed to trial. We affirm.

Plaintiff and defendant executed an agreement in February, 1979, whereby defendant agreed to sell to plaintiff defendant's restaurant business. Plaintiff had earlier paid defendant $10,000 as down payment. The agreement provided that if defendant could not reduce his tax liability for the previous years operation of the business to $3000, plaintiff could terminate the agreement and receive back his down payment. When it became evident that defendant could not reduce the tax liability, plaintiff proposed a new agreement which did not give plaintiff the right to unilaterally terminate. He sent this proposal to defendant in a letter dated April 27. Plaintiff declares that he withdrew his offer on May 3, before defendant accepted, and exercised his option to terminate the February agreement. Defendant says that he orally accepted plaintiff's April 27 proposal by phone on May 1 or May 2. This dispute, defendant argues, presents an issue of material fact which requires that the suit proceed to trial.

Additional facts attested to in plaintiff's affidavit, however, indicate that regardless of any acceptance that might have been given, after May 3 the parties continued to negotiate as if no previous agreements existed. We find dispositive the events of July 27, related in plaintiff's affidavit and not disputed by

[361]

defendant. On that date defendant's attorney advised plaintiff's attorney that in order to avoid notifying his creditors of the sale of the business, as required by the bulk sales law, defendant was abandoning the sale. Plaintiff states that he accepted that decision. Whatever the significance of any previous conduct of the parties, this last agreement of the parties, about which there is no dispute, entitles plaintiff to summary judgment.

Affirmed.